IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS, MT
2006 JAN 11 AM 10 04
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

GREGORY SANCHEZ,

     Petitioner,

  vs.

JIM MacDONALD, Warden,

     Respondent.

Cause No. CV 05-20-BLG-RWA

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

On January 28, 2005, Petitioner Gregory Sanchez filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. On July 29, 2005, he filed briefs in response to the Court's Order of June 20, 2005, requiring him to show an excuse for his procedural default and to show why the federal statute of limitations should not bar his case. Sanchez is a state prisoner proceeding *pro se*.

**I. Background**

Sanchez pled guilty to deliberate homicide in Montana's Thirteenth Judicial District Court, Yellowstone County. On November 14, 1997, he was sentenced to life in prison and an additional ten-year term for use of a weapon. He had sixty days to file a notice of appeal. *See* Mont. R. App. P. 5(b). He did not appeal. Pet. at 2, ¶¶ 1-8. Consequently, his conviction became final on January 13, 1998. *See Sanchez v. State*, 86 P.3d 1, 2-3 ¶

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

11 (Mont. 2004).

On August 31, 2000, Sanchez filed a petition for post-conviction relief in the trial court. On March 5, 2003, the petition was denied as time-barred. *See* Order and Mem., *State v. Sanchez*, No. DC 97-305 (Mar. 5, 2003). Sanchez appealed. On January 27, 2004, the Montana Supreme Court affirmed, holding that Sanchez's state petition was barred by the one-year statute of limitations, Mont. Code Ann. § 46-21-102(1) (1999). *See Sanchez*, 86 P.3d at 2-3 ¶ 11. On March 24, 2004, the same court denied Sanchez's petition for rehearing. *Id.*

Sanchez filed his habeas petition in this Court on January 28, 2005.

## II. Analysis

Regardless of the application of the federal statute of limitations, it is clear that the doctrine of procedural default bars this Court from considering the merits of Sanchez's petition.

The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" *Vang v. State of Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Here, procedural default is clear on the face of the petition. The Montana Supreme Court declined to consider the merits of

Sanchez's postconviction petition because the one-year state statute of limitations expired more than a year and a half before he filed it. *See Sanchez*, 86 P.3d at 2-3, ¶ 11; Mont. Code Ann. §§ 46-21-102(1) (1999). Thus, the Montana Supreme Court was procedurally barred from considering the merits of Sanchez's case because he did not present it at the correct time under state law.

Sanchez argues that he actually had five years to file a state petition for postconviction relief. He is mistaken. Montana law used to provide a five-year period to file for postconviction relief. However, effective April 24, 1997, Mont. Code Ann. § 46-21-102 required postconviction petitions to be filed within one year of the date the conviction becomes final. The new, reduced time period applied to all persons whose convictions became final after the effective date of the statute. *See* 1997 Mont. Laws ch. 378, § 9(1)(a); *Sanchez*, 86 P.3d at 2 ¶ 9 (citing *State v. Carson*, 56 P.3d 844, 846 ¶ 13 (Mont. 2002). Sanchez was sentenced in November 1997, and his conviction became final in January 1998. The applicability of the one-year time period is not determined, as Sanchez suggests, by reference to the date on which he committed the crime of conviction.

Nor is there anything unconstitutional in applying the reduced time period to persons who committed crimes before the amendment. The Ex Post Facto Clause of the United States Constitution prohibits "laws that retroactively alter the definition of crimes

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

or increase the punishment for criminal acts." *California Dep't of Corrections v. Morales,* 514 U.S. 499, 504 (1995).  The time period within which a person may file a petition for postconviction relief is neither part of the definition of a crime nor part of the punishment for a crime.

Sanchez also asserts that the Montana Supreme Court "does not apply the provisions of the Post Conviction time bar in an independent or adequate manner."  Brief re: State Postconviction Petition (doc. 6) at 2.  The Court disagrees.  The time bar has occasionally been applied inconsistently where a petitioner claims that his sentence is not authorized by law or that the sentencing court lacked jurisdiction to impose the sentence it imposed.  One example of this type of claim arose for persons who were sentenced to more than ten years "in the custody of the Department of Corrections," which is a term of art under Montana sentencing law. *See, e.g.*, *Peterson v. Mahoney*, No. 03-739 (Mont. Dec. 16, 2003) (unpublished decision) (referring to Mont. Code Ann. § 46-18-201(1)(e) (1997)); *see also Pena v. State*, 100 P.3d 154, 159-60, ¶¶ 21-25 (Mont. 2004) (discussing *State v. Moorman*, 928 P.2d 145 (Mont. 1997)).  But nowhere in his petition does Sanchez claim that the sentencing court lacked jurisdiction to impose a life sentence or exceeded its statutory authority by doing so.  Under those circumstances, the Montana Supreme Court has consistently applied the time bars of Mont. Code Ann. § 46-21-102.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

In his support, Sanchez cites two cases, *Gratzer v. Mahoney*, No. 05-075 (Mont. June 15, 2005), *cited in* Brief re: State Postconviction Petition at 3, and *Murphy v. Mahoney*, No. 05-35241 (9th Cir. June 23, 2005), *cited in* Brief re: State Postconviction Petition at 2. The *Murphy* Order granted a certificate of appealability, but the Court of Appeals has not issued a decision yet. At any rate, Sanchez's case is readily distinguished from Murphy's. Murphy's conviction was final in 1993. He clearly fell under the old state law and, unlike Sanchez, had five years to file a petition for postconviction relief. The difference between Murphy's case and Sanchez's was created by the Montana Legislature's 1997 amendment of the law, not by an inconsistent application of the law by the Montana Supreme Court.

The *Gratzer* case remains pending before the Montana Supreme Court. It, too, is readily distinguished from Sanchez's case. The issue in *Gratzer* that is most pertinent to Sanchez's case is whether a Montana inmate may file a petition for writ of habeas corpus to challenge a sentence that is alleged to be unauthorized by statute when the sentence has not been challenged in postconviction proceedings. *See, e.g.*, Br. in Supp. of Petition for Writ of Habeas Corpus at 16-23, *Gratzer v. Mahoney*, No. 05-075 (Mont. Aug. 1, 2005), *available at* http://www.lawlibrary.state.mt. us; Order at 2, *Gratzer*, No. 05-075 (Mont. June 15, 2005) ("The

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

State's position raises the question of a potential conflict between the scope of the privilege of the writ of habeas corpus established in Article II, Section 19 of the Montana Constitution and the Legislature's proscription on the scope of the privilege set forth in [Mont. Code Ann.] § 46-22-101(2).").

It is possible that Sanchez may be able to file a habeas petition in the Montana Supreme Court in light of that court's eventual decision in *Gratzer*, but if he is, it will not be because the Montana Supreme Court has inconsistently applied the one-year time limitation of Mont. Code Ann. § 46-21-102 (1997). *Gratzer* does not have anything to do with whether the postconviction time bar is consistently applied.

The Court concludes that the Montana Supreme Court's application of the one-year time bar is consistent and is based on state law that is independent of federal law. Sanchez is subject to procedural default and has not shown cause sufficient to excuse it. The "fundamental miscarriage of justice" exception also does not apply; Sanchez states that he is guilty. *See* Pet. Attachment at D ("At my sentencing the prosecutor said I shot the victim twice which I DID NOT I only shot him once."). He cannot show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" if the errors of which he complains had not been committed. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Consequently, Sanchez's petition is barred.  *See Harris v. Reed*,
489 U.S. 255, 263 (1989).

## III. Certificate of Appealability

### A. Governing Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of
appealability ['COA'] may issue . . . only if the applicant has
made a substantial showing of the denial of a constitutional
right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright
v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).  The standard of
a "substantial showing" can be satisfied on an issue-by-issue
basis.  *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. §
2253(c)(3)).

> [I]n order to make a substantial showing of the denial of
> a federal right a petitioner . . . "must demonstrate that
> the issues are debatable among jurists of reason; that a
> court could resolve the issues [in a different manner];
> or that the questions are 'adequate to deserve
> encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v.
Estelle*, 463 U.S. 880, 893 n.4 (1983)).  *See also Slack v.
McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate
that reasonable jurists would find the district court's assessment
of the constitutional claims debatable or wrong.").  Thus, a
petitioner may obtain a COA even if he does not establish that he
will prevail on the merits.  The COA inquiry seeks only to prevent
frivolous appeals from wasting judicial resources, while still

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id.*

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id.*

**B. Application**

Sanchez has offered no reason to believe that the Montana Supreme Court inconsistently applies the postconviction time bar in cases like his, where there is no claim that the sentencing court exceeded its statutory authority to impose sentence. A time bar is a classic instance of an adequate and independent state procedural rule. Although Sanchez's petition may meet the threshold of a substantial showing of the deprivation of a constitutional right, the Court does not believe that reasonable jurists would find the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

procedural bar debatable.  Sanchez is not entitled to a certificate of appealability.

**RECOMMENDATION**

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Sanchez's Petition be DISMISSED WITH PREJUDICE for procedural default in state court.  A certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner.  Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

Sanchez must immediately inform the Court of any change in his mailing address.

DATED this 11ᵗʰ day of January, 2006.

Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9